IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-22020-CIV-MOORE/GARBER

PERRY ELLIS INTERNATIONAL, INC.,
PERRY ELLIS INT'L EUROPE, LTD.,

    Plaintiffs,

vs.

URI CORPORATION,

    Defendant.
_____/

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND GRANTING PLAINTIFFS' LEAVE TO AMEND COUNTS III & IV (DE #9)

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (DE #9). Plaintiffs filed a Response (DE #17) and Defendant filed a Reply (DE #19).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. BACKGROUND

Plaintiff PERRY ELLIS INTERNATIONAL, INC., is a Florida corporation with its principal place of business in Miami, Florida. (Compl. ¶ 1.) Plaintiff PERRY ELLIS INTERNATIONAL EUROPE, LTD., (together with Plaintiff PERRY ELLIS INTERNATIONAL, INC., "Plaintiffs" or "PEI") is a foreign corporation with its principal place of business in Dublin, Ireland. (Id. ¶ 2.) PEI is in the apparel business and is the owner of registered trademarks including "Perry Ellis America." (Id. ¶ 3.) Defendant URI

CORPORATION ("Defendant" or "URI") is a California corporation with its principal place of business in Paramount, California. (Id. ¶ 6.) On or about January 4, 2006, PEI entered into a License Agreement[1] with URI as Licensee, whereby URI was licensed to use PEI trademarks in connection with the manufacture and sale of certain footwear; the License Agreement applied to the United Mexican States. (Id. ¶ 11.) Section 22.1 of the License Agreement specifically confers exclusive jurisdiction over any disputes arising under the License Agreement to the federal and state courts of Florida.[2] (DE #4 at 24.) At a meeting in June 2006, URI admitted to PEI that it was selling products outside the authorized channels of distribution, including at a non-authorized retailer, Tiendas Chedraui. (Compl. ¶ 17.) On June 19, 2006, PEI sent URI written notification that the License Agreement was terminated. (Id. ¶ 18.) According to Plaintiffs' interpretation of the License Agreement, URI is required to pay PEI any royalties then owed plus the total Guaranteed Minimum Annual Royalty and the total Guaranteed Minimum Annual Advertising Royalty (defined in the License Agreement), and actual damages. (Id. ¶ 19.)

---

[1] Defendant points the Court to an Exhibit ("Exhibit K") attached to the License Agreement that contains a forum selection provision for New York. That Exhibit, however, is an unexecuted form agreement (signed only by Defendant) provided by Plaintiffs to Defendant for any third-party manufacturers Defendant may employ under its license from Plaintiffs. Thus, it has no bearing on this case at this stage.

[2] Section 22 is titled "Choice of Law" and states in Section 22.1:

> The parties hereby consent to the exclusive jurisdiction of the Federal and State Courts of Florida in any disputes arising under this Agreement. This Agreement shall be deemed to have been made, entered into, and finally executed and delivered in the State of Florida and all rights and duties of the parties hereto shall be governed, controlled, interpreted and defined by and under the laws of the State of Florida except the rules governing choice of law. Venue for all lawsuits involving this Agreement shall be the State and Federal Courts of Florida.

DE #4 at 24, § 22.1.

URI has refused to pay PEI the amounts that PEI has requested. (Id. ¶ 20.) Defendant has brought a Motion to Dismiss for lack of personal jurisdiction.

## II. ANALYSIS

### A. Motion to Dismiss for Lack of Personal Jurisdiction

"To survive a motion to dismiss for lack of personal jurisdiction when no evidentiary hearing is conducted, the plaintiff must establish a prima facie case of jurisdiction over the nonresident defendant." Mold-Ex, Inc. v. Mich. Tech. Rep., Inc., No. 304CV307MCRMD, 2005 WL 2416824, at *2 (N.D. Fla., Sept. 30, 2005) (quoting Precision Software Servs., Inc. v. Fortune Fin. Sys., Inc., 1998 WL 1759759 at *3 (M.D. Fla. 1998) (citing Cable/Home Communication Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990))). Plaintiff's prima facie case must be sufficient to defeat a motion for a directed verdict. Id. In determining whether the prima facie case has been established, the court accepts the facts in the complaint as true if they are not directly controverted by defendant's affidavits. Mold-Ex, Inc., 2005 WL 2416824 at *2 (citing Lauzon v. Joseph Ribkoff, Inc., 77 F. Supp. 2d 1250, 1253-54 (S.D. Fla. 1999); Cable/Home Communication, 902 F.2d at 855). "Where the evidence conflicts, the court is required to view all reasonable inferences in plaintiff's favor." Id. Once the plaintiff pleads sufficient material facts to support the exercise of in personam jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other competent evidence. Lauzon, 77 F. Supp. 2d at 1254 (citing Prentice v. Prentice Colour, Inc., 779 F. Supp. 578, 585-586 (M.D. Fla. 1991)). If the defendant sustains this burden, plaintiff must then substantiate the complaint's allegations by affidavits or other evidence and not simply restate the factual allegations presented in the complaint. Id. (citing Prentice, 779 F. Supp. at 586; Murphy v.

Republic Health Corp., 645 F. Supp. 124 (S.D. Fla. 1986)).

**B. Florida's Long-Arm Statute**

The Eleventh Circuit has developed a two-part analysis to determine if personal jurisdiction exists over a nonresident defendant. Precision Software Servs., 1998 WL 1759759 at *4 (citing Cable/Home Communication, 902 F.2d at 856). First, the court must examine the jurisdictional issue under the state law long-arm statute (Florida in this case). Id. Second, the court must determine whether "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment such that "maintenance of the suit does not 'offend traditional notions of fair play and substantial justice'" as set forth in International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Id. (citations omitted). The minimum contacts requirement is satisfied if the defendant "purposefully directs activities at Florida and litigation arises out of those activities, or the defendant purposefully avails himself of the privilege of conducting activities within the forum state." Achievers Unlimited, Inc. v. Nutri Herb, Inc., 710 So. 2d 716, 719 (Fla. 4th Dist. Ct. App. 1998) (construing Burger King v. Rudzewicz, 471 U.S. 462 (1985)). Only if the court determines there is a basis for asserting personal jurisdiction under the long-arm statute does it need to consider the due process analysis. Nida Corp. v. Nida, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000).

The Florida long-arm statute allows for two distinct categories of personal jurisdiction: specific jurisdiction conferred under Fla. Stat. § 48.193(1); and general jurisdiction conferred under Fla. Stat. § 48.193(2). See, e.g., Miller v. Berman, 289 F. Supp. 2d 1327, 1331 (M.D. Fla.2003) (citing Northwestern Aircraft Capital Corp. v. Stewart, 842 So. 2d 190, 193 (Fla. 5th Dist. Ct. App. 2003). A court may exercise general jurisdiction over a nonresident defendant

when the suit does not arise out of the nonresident's activities in the forum state. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414-15 (1984). A court may exercise specific jurisdiction over a nonresident defendant only when the defendant's contacts with the forum state arise from or are directly related to the cause of action. Mold-Ex, Inc., 2005 WL 2416824 at *2 (construing Norwood, 2005 WL 723863 at *3) (citation omitted).

Florida's long-arm statute is to be strictly construed. Id. (citing Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 891 (11th Cir. 1983)). "Pursuant to Florida law, the plaintiff bears the burden of proving personal jurisdiction: 'When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents.'" Mold-Ex, Inc., 2005 WL 2416824 at *2 (citing Jet Charter Serv., Inc. v. Koeck, 907 F.2d 1110, 1112 (11th Cir. 1990)).

"Section 48.193(1)(a) allows courts sitting in Florida to obtain jurisdiction over a nonresident if the nonresident operated, conducted, engaged in, or carried on a business or business venture in this state or has an office or agency in this state." Mold-Ex, Inc., 2005 WL 2416824 at *2. In order to demonstrate that a defendant is carrying on a business or business venture in Florida either by itself or through an agent, "[t]he activities of the [defendant] sought to be served . . . must be considered collectively and show a general course of business activity in the state for pecuniary benefit." Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996) (citing Dinsmore v. Martin Blumenthal Assocs. Inc., 314 So. 2d 561, 564 (Fla. 1975)). "Factors relevant to, but not dispositive of, this analysis include the presence and operation of an office in Florida; the possession and maintenance of a license to do business in Florida; the

number of Florida clients served; and the percentage of overall revenue gleaned from Florida clients." Mold-Ex, Inc., 2005 WL 2416824 at *2 (citing Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 2005 WL 2008995 (11th Cir. 2005)) (internal citations omitted). "Section 48.193(1)(g) provides that statutory long-arm jurisdiction may be asserted over a nonresident for "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state . . . . Failure to pay a contractual debt where payment is due to be made in Florida is sufficient to satisfy Florida's long-arm provision that refers to contractual acts 'required' to be performed in Florida." Global Satellite Comm. Co. v. Sudline, 849 So. 2d 466, 468 (Fla. Dist. Ct. App. 2003) (citing Hartcourt Cos. v. Hogue, 817 So. 2d, 1067 1070 (Fla. Dist. Ct. App. 2002)).

Section 49.193(2) states that a court may exercise personal jurisdiction over a nonresident who is engaged in "substantial and not isolated activity within this state," whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, and whether or not the claim arises from that activity. See Fla. Stat. § 48.193(2); Mold-Ex, Inc., 2005 WL 2416824 at *4. Florida's general jurisdiction statute does not require connectivity between a defendant's activities and the cause of action. Woods v. Nova Cos. Belize Ltd., 739 So. 2d 617, 620 (Fla. 4th Dist. Ct. App. 1999) (citing Helicopteros, 466 U.S. 408, 416 (1984)). A Florida court may "exercise general jurisdiction over a nonresident defendant when the suit does not arise out of the nonresident's activities in the forum state." Mold-Ex, Inc., 2005 WL 2416824 at *4 (citing Helicopteros, 466 U.S. at 464-15).

Federal courts must construe Florida's long arm statute as the Florida Supreme Court would. Sculptchair, 94 F.3d at 627. Florida courts have held "substantial and not isolated

activity" to mean "continuous and systematic general business contact" with Florida. Mold-Ex, Inc., 2005 WL 2416824 at *4 (quoting Autonation, 276 F. Supp. 2d at 1262 (citing Woods, 739 So. 2d at 620)). The "continuous and systematic" contacts requirement is sufficient to fulfill the constitutional due process requirement of "minimum contacts." Id. Thus, because § 48.193(2) requires this high threshold, if a defendant's activities meet the statutory requirements of § 48.193(2), the minimum contacts constitutional standard is also satisfied. Woods, 739 So. 2d at 620.

### C. Contractual Forum Selection Clauses

"Forum selection clauses in contracts are enforceable in federal courts." P & S Bus. Mach., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (2003) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)). "Personal jurisdiction, unlike subject matter jurisdiction, may be conferred by agreement." Desai Patel Sharma, Ltd. v. Don Bell Industries, Inc., 729 So. 2d 453, 454 (Fla. Dist. Ct. App. 1999) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985)). In commercial contracts, parties "frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction." Burger King, 471 U.S. at 472 n.14 (citation omitted). "When such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." Id. (internal citation omitted). "Federal courts and most state courts have held that a choice of forum clause is sufficient in itself to waive the requirement for minimum contacts and to submit the nonresident to the jurisdiction of the forum state." Desai, 729 So. 2d at 454 (citing Voicelink Data Services, Inc. v. Datapulse, Inc., 86 Wash. App. 613, 937 P.2d 1158 (1997)). "However, Florida has held that in addition to the forum clause, there must be some independent

7

basis for state jurisdiction in order to bring a nonresident into [its] courts." Desai, 729 So. 2d at 454 (citing McRae v. J.D./M.D., Inc., 511 So .2d 540 (Fla. 1987)).

## III. ANALYSIS

Based upon a review of the License Agreement, the Court finds that the forum-selection provision (Section 22.1) is, on its face, valid. Thus, the only remaining issue is whether the Court may assert personal jurisdiction over Defendant. For the following reasons, the Court finds that it may.

Defendant contends that URI's only contacts with Florida are "seven emails, three phone calls, one visit and one mailed payment." (Def. Reply to Mot. to Dismiss [DE #19] at 9.) What Defendant omits in this list is the License Agreement and both its forum-selection clause and its provision which directs payment to Florida. Together, these interactions with Florida amount to a purposeful establishment of minimum contacts and to the degree that Defendant should have reasonably expected to be haled into a Florida court.

### A. Florida's Long Arm Statute

As discussed above, Florida's long arm statute is to be strictly construed and this Court is bound to interpret the statute as the Florida Supreme Court would. Florida state courts have held that contacts very similar to the ones in this case are, in fact, sufficient for Florida courts to assert personal jurisdiction over non-resident defendants under a theory of specific jurisdiction. See, e.g., Sudline, 849 So. 2d at 467; Desai, 729 So. 2d at 454. Pursuant to Fla. Stat. § 48.193(1)(g), Plaintiff has alleged that Defendant has breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida by stating that Defendant has failed to make

royalty payments due to PEI in its Miami, Florida office. This breach, coupled with the forum-selection clause and the payment mailed by Defendant to PEI in Miami, Florida, is sufficient to assert specific personal jurisdiction over Defendant under Florida state law. See Sudline, 849 So. 2d at 467; see also Desai, 729 So. 2d at 454.

## B. Federal Constitutional Due Process

Finally, the Court finds that Defendant's "minimal contacts with Florida [meet] the federal constitutional requirement of minimum contacts." Sudline, 849 So. 2d at 468. "[W]here a requirement to pay money in Florida has been coupled with a Florida venue selection clause in a contract, courts have held that the nonresident defendant should reasonably expect to be haled into court in Florida." Id. at 469 (citing Desai, 729 So. 2d at 453; Dolphin Aviation, Inc. v. High Country Helicopters, Inc., 695 So. 2d 811 (Fla. Dist. Ct. App. 1997); Jefferson Sav. & Loan Ass'n v. Greenman Group, Inc., 531 So. 2d 428 (Fla. Dist. Ct. App. 1988); Maritime Ltd. P'ship. v. Greenman Adver. Assocs., Inc., 455 So. 2d 1121 (Fla. Dist. Ct. App. 1984)). Under Burger King, 471 U.S. at 472 n.14, personal jurisdiction is a waivable right and parties may give express or implied consent to the personal jurisdiction of a court. Here, in exchange for Plaintiffs's license, Defendant negotiated its consent to the jurisdiction of the Florida federal and state courts. Thus, the Court finds that the freely negotiated License Agreement and its forum-selection provision do not offend due process.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (DE #9) is DENIED IN PART and GRANTED IN PART as follows:

1.) To the extent that Defendant seeks a dismissal of the Complaint based upon a theory of lack of personal jurisdiction, the Motion is DENIED;

2.) To the extent that Defendant seeks a dismissal of Counts III & IV for failure to state a claim upon which relief may be granted, the Motion is GRANTED, however;

3.) Counts III & IV are DISMISSED WITHOUT PREJUDICE and Plaintiffs have **ten (10) days** from the date of this Order to amend their Complaint or Counts III & IV shall be dismissed with prejudice. It is further

ORDERED AND ADJUDGED that, pursuant to the Court's Order of October 16, 2006 (DE #16), Defendant has **ten (10) days** from the date of this Order to respond to Plaintiffs' Emergency Motion for Preliminary Injunction and to Appoint Receiver (DE #12).

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of March, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record
U.S. Magistrate Judge Barry L. Garber